MARION MACHINE, FOUNDRY & SUPPLY COMPANY *v.* FOSTER & MURRAY.

Opinion delivered October 3, 1927.

1. APPEAL AND ERROR—AMENDMENT OF PLEADING TO CONFORM TO PROOF.—In an action for a balance due on settlement of accounts, though defendants interposed no answer denying the indebtedness sued on, yet where they testified that plaintiff had been paid in full, to which no objection was interposed when the case was tried below as if the issue of payment had been made, the appellate court will regard the question whether plaintiff received full payment as having been in issue.

2. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—The question whether the introduction of parol evidence varied or contradicted the terms of a written contract is not presented to the appellate court where no objection was made at the trial to the introduction of the evidence.

Appeal from Union Circuit Court, Second Division; *W. A. Speer*, Judge; affirmed.

*Goodwin & Goodwin,* for appellant.

KIRBY, J.    The appellant company brought this suit against Foster & Murray, a partnership, composed of J. C. Foster and I. C. Murray, upon a written contract of settlement of their account for materials furnished, and

had garnishments issued against certain other persons claimed to be indebted to the defendant. The garnishees answered, denying any indebtedness, and no answer was filed by the defendants. The plaintiff filed a denial of the statement or answer of no indebtedness by the garnishees, and the case proceeded to trial.

The written contract of settlement was introduced, admitting an indebtedness of $1,835.10 to plaintiff, and stating that certain sums were due the defendants from. the Invader Oil Company, and, under a consent decree in the case of *John D. Murray* v. *James B. Liggett et al.;* that the parties were desirous of making a settlement, and agreed that the appellant company should be paid the sum of $700 from their claim against the Invader Oil Corporation; ''that the claim against the other parties herein shall be equally divided between the Marion Machine, Foundry & Supply Company and Frank Myrick, after deducting a reasonable amount as attorney's fees, until both parties are paid in full.''

The district manager of the appellant company stated that there was a balance of $611.93 due the said company, after all payments received under said contract of settlement, amounting to $1,125.04, had been duly credited.

The defendants testified, without objection, that they had been indebted to the supply company; that they made settlement of their indebtedness, agreeing to pay the balance due thereon, as stated in the written account, with an assignment of certain accounts due them from other parties, out of which it should be paid, and that the whole amount due under the contract had been realized by the plaintiff; that their debt was paid in full by the written contract and assignment of accounts and amounts collected thereon.

As already stated, no objection was made to any of this testimony nor to the court's instructions to the jury. It returned a verdict in favor of defendants, from the judgment upon which this appeal is prosecuted.

It is contended that the judgment is contrary to law and not supported by any testimony. No answer

was filed by appellees, denying the indebtedness to appellants under the contract sued on, but the case proceeded to trial without objection as though such denial had been made, the parties treating the matter as at issue, and neither was there any objection to the testimony introduced conducing to show payment had been made of all indebtedness due from the defendants under the terms of the written contract, being in contradiction of and varying said contract.

The pleadings are usually regarded amended to conform to the proof made without objection, and, there being no objection to the introduction of such testimony in support of a denial of any indebtedness due to the plaintiff under the contract, as though such an answer had been filed, the matter will be treated here as having been at issue as it was regarded in the trial court.

No question can be raised here as to the ambiguity of the written contract or any error committed in permitting the introduction of parol testimony regarded contradicting or varying its terms, since no objection was made to the introduction of such testimony in the trial court. The instructions to the jury are not complained of.

The judgment is affirmed.